**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **SARAH JEAN HAYWOOD,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| **LRA CORPORATION d/b/a** | ) |
| **L.R.A. CORPORATION DEBT** | ) |
| **COLLECTION SERVICES and** | ) |
| **LARRY RAYBIN,** | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT

NOW COMES the Plaintiff, SARAH JEAN HAYWOOD, by and through her attorneys, LARRY P. SMITH & ASSOCIATES, LTD., and for her complaint against the Defendants, LRA CORPORATION d/b/a L.R.A. CORPORATION DEBT COLLECTION SERVICES and LARRY RAYBIN, Plaintiff states as follows:

### I. PRELIMINARY STATEMENT

1. This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act (hereinafter "FDCPA"), 15 U.S.C. §1692, et seq.

### II. JURISDICTION & VENUE

2. Jurisdiction arises under the FDCPA, 15 U.S.C. §1692 et seq., and pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1337.

3. Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

### III. PARTIES

4. SARAH JEAN HAYWOOD, (hereinafter, "Plaintiff") is an individual who was at all relevant times residing in the City of Carpentersville, County of Kane, State of Illinois.

5. The debt that Plaintiff was allegedly obligated to pay was a debt allegedly owed by Plaintiff to ETI Financial Corporation (hereinafter, "ETI").

6. The debt that Plaintiff allegedly owed ETI was for financing Plaintiff allegedly obtained relative to insurance for Plaintiff's personal automobile.

7. At all relevant times, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

8. LRA CORPORATION d/b/a L.R.A. CORPORATION DEBT COLLECTION SERVICES, (hereinafter, "LRA") is a business entity engaged in the collection of debt within the State of Illinois. LRA is incorporated in the State of Florida.

9. The principal purpose of LRA's business is the collection of debts allegedly owed to third parties.

10. LRA regularly collects, or attempts to collect, debts allegedly owed to third parties.

11. During the course of its efforts to collect debts allegedly owed to third parties, LRA sends to alleged debtors bills, statements, and/or other correspondence via the mail and/or electronic mail and initiates contact with alleged debtors via various means of telecommunication, such as the telephone and facsimile.

12. At all relevant times, LRA acted as a debt collector as that term is defined by 15 U.S.C. §1692a(6).

13. At all relevant times, LRA acted through its duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

14. Defendant, LARRY RAYBIN, (hereinafter "Raybin") is an individual who, upon information and belief, was at all relevant times residing in the State of Florida.

15. Upon information and belief, at all relevant times, Raybin was acting as an Owner, Manager and/or agent of LRA.

16. At all relevant times, Raybin was acting as an Officer and/or Director of LRA.

17. Upon information and belief, at all relevant times, Raybin was vested with the responsibility to manage LRA.

18. Upon information and belief, at all relevant times, Raybin was responsible for the management and/or affairs of LRA.

19. Upon information and belief, at all relevant times, Raybin was responsible for the day to day operations of LRA.

20. Upon information and belief, at all relevant times, Raybin was responsible for the supervision of LRA's employees, agents and/or representatives that were attempting to collect debts.

21. Upon information and belief, at all relevant times, Raybin was responsible for the management of LRA's employees, agents and/or representatives that were attempting to collect debts.

22. As such, at all relevant times, Raybin acted as a "debt collector" as that term is defined by 15 U.S.C. §1692a(6).

IV.     ALLEGATIONS

COUNT I:
SARAH JEAN HAYWOOD v. LRA CORPORATION D/B/A L.R.A. CORPORATION DEBT COLLECTION SERVICES

23.     Plaintiff re-alleges and incorporates by reference each of the preceding paragraphs in this complaint as though fully set forth herein.

24.     On or about March 8, 2012, LRA sent Plaintiff a correspondence in an attempt to collect a debt she allegedly owed to ETI. (See a true and exact copy of said correspondence attached hereto as **Exhibit A**).

25.     LRA sent the correspondence, dated March 8, 2012, to Plaintiff via regular mail.

26.     Plaintiff received the correspondence, dated March 8, 2012, from LRA.

27.     At the time LRA sent the correspondence, dated March 8, 2012, to Plaintiff, LRA enclosed the correspondence in an envelope. (See a true and exact copy of said envelope attached hereto as **Exhibit B**).

28.     At the time LRA sent the correspondence, dated March 8, 2012, to Plaintiff, LRA enclosed the correspondence in an envelope the return address of which identified LRA as "L.R.A. CORPORATION DEBT COLLECTION SERVICES." (*Emphasis included*) (**Exhibit B**).

29.     At the time LRA sent the correspondence, dated March 8, 2012, to Plaintiff, LRA enclosed the correspondence in an envelope that was addressed to "SARAH JEAN HAYWOOD." (*Emphasis included*) (**Exhibit B**).

30.     At the time LRA sent the correspondence, dated March 8, 2012, to Plaintiff, immediately following Plaintiff's name, LRA listed Plaintiff's account number relative to the

debt on which it was attempting to collect as "ACC #7953953." (*Emphasis included*)(**Exhibit A**).

31. At the time LRA sent the correspondence, dated March 8, 2012, to Plaintiff, Plaintiff's account number, as delineated above, was visible upon viewing the envelope in which LRA enclosed the aforesaid correspondence. (**Exhibit B**).

32. At the time LRA sent the correspondence, dated March 8, 2012, to Plaintiff, LRA knew or reasonably should have known that individuals other than Plaintiff would see LRA's name listed on the return address of the envelope.

33. At the time LRA sent the correspondence, dated March 8, 2012, to Plaintiff, LRA knew or reasonably should have known that individuals other than Plaintiff would see Plaintiff's account number listed on the envelope immediately after Plaintiff's name.

34. The correspondence, dated March 8, 2012, that Plaintiff received from LRA was LRA's initial communication with Plaintiff relative to the debt on which LRA was attempting to collect.

35. In its correspondence to Plaintiff, dated March 8, 2012, LRA stated that Plaintiff owed a balance of $32.36.

36. In its correspondence to Plaintiff, dated March 8, 2012, LRA stated "[i]f we DO NOT RECEIVE PAYMENT WITHIN 30 DAYS we will report this as a BAD DEBT to the THREE CREDIT **BUREAUS, EQUIFAX, EXPERIAN, AND TRANSUNION.**" (*Emphasis included*) (**Exhibit A**).

37. LRA's representations, as delineated above, had the effect of conveying to an unsophisticated consumer that if Plaintiff did not pay LRA within thirty (30) days of the date of LRA's correspondence (i.e. within thirty (30) days of March 8, 2012) then LRA would

automatically report the debt to the "consumer reporting agencies" as that term is defined by §1681a(f) of the Fair Credit Reporting Act, 15 U.S.C. §1681 *et seq.*, (hereinafter, "FCRA").

38. Upon information and belief, at the time LRA stated it would report to the consumer reporting agencies that Plaintiff owed a debt if no payment was made by Plaintiff to LRA within thirty (30) days of March 8, 2012, LRA had no contract with the consumer reporting agencies.

39. Upon information and belief, at the time LRA stated it would report to the consumer reporting agencies that Plaintiff owed a debt if no payment was made by Plaintiff to LRA within thirty (30) days of March 8, 2012, LRA had no means by which to report the debt to the consumer reporting agencies.

40. Upon information at the time LRA stated it would report to the consumer reporting agencies that Plaintiff owed a debt if no payment was made by Plaintiff to LRA within thirty (30) days of March 8, 2012, LRA had no ability to report to the consumer reporting agencies that Plaintiff owed a debt.

41. Upon information and belief, at the time LRA stated it would report to the consumer reporting agencies that Plaintiff owed a debt if no payment was made by Plaintiff to LRA within thirty (30) days of March 8, 2012, LRA had no intent to report to the consumer reporting agencies that Plaintiff owed a debt.

42. In its correspondence to Plaintiff, dated March 8, 2012, subsequent to LRA stating that if Plaintiff did not pay LRA within thirty (30) days of March 8, 2012 then LRA would report the debt to the consumer reporting agencies, as delineated above, LRA then stated "[y]ou have thirty days after receipt of the notice, to dispute the validity of the debt or any portion thereof, or this debt collector will assume the debt valid." (**Exhibit A**).

43. LRA's statement that Plaintiff had thirty (30) days from her receipt of LRA's correspondence to dispute the validity of the debt, as delineated above, contradicted LRA's statement to Plaintiff, in the same correspondence, that Plaintiff had to make a payment to LRA within thirty (30) days of March 8, 2012, to prevent LRA from reporting the debt Plaintiff allegedly owed to the consumer reporting agencies.

44. Pursuant to 15 U.S.C. §1692g, Plaintiff had the right to dispute the validity of the debt on which LRA was attempting to collect within thirty (30) days of Plaintiff receiving LRA's initial communication to collect the debt .

45. By making the conflicting statements in its correspondence, dated March 2, 2012, as delineated above, LRA obscured Plaintiff's right pursuant to 15 U.S.C. §1692g to seek validation of the debt within thirty (30) day of Plaintiff's receipt of Defendant's correspondence.

46. By making the conflicting statements in its correspondence, dated March 2, 2012, as delineated above, LRA overshadowed Plaintiff's right pursuant to 15 U.S.C. §1692g to seek validation of the debt within thirty (30) day of Plaintiff's receipt of Defendant's correspondence.

47. In its correspondence to Plaintiff, dated March 8, 2012, LRA further stated "[a] bad debt recorded on your credit can cause your credit score to plummet; this will quickly end your ability to acquire any sort of credit. Companies will not lend you money; give you open account (credit) for services, especially in today's economy." (**Exhibit A**).

48. LRA's representations to Plaintiff that if a bad debt was reported on her credit report that no companies would lend Plaintiff money and/or credit were false, deceptive and/or misleading given that LRA could not predict whether other creditors would be willing to loan Plaintiff money and/or credit even if LRA reported the debt on which it was attempting to collect to the consumer reporting agencies.

49. LRA's representations to Plaintiff that if a bad debt was reported on her credit report that no companies would lend Plaintiff money and/or credit were statements made by LRA to Plaintiff in an attempt to coerce Plaintiff into making a payment to LRA.

50. In its correspondence to Plaintiff, dated March 8, 2012, LRA further stated "[t]he '***Cost of Bad Credit***', will effect [sic] interest rates for a loan, if you qualify for one, will cause credit card interest rates to go up…" (*Emphasis included*) (**Exhibit A**).

51. LRA's representations to Plaintiff that if a bad debt was reported on her credit report that interest rates for any loan and/or credit card Plaintiff had would increase were false, deceptive and/or misleading given that LRA could not predict whether other creditors would increase interest rates on any loans and/or credit cards Plaintiff had with said creditors if LRA reported the debt on which it was attempting to collect to the consumer reporting agencies.

52. LRA's representations to Plaintiff that if a bad debt was reported on her credit report that interest rates for any loan and/or credit card Plaintiff had would increase were statements made by LRA to Plaintiff in an attempt to coerce Plaintiff into making a payment to LRA.

53. LRA has not provided to Plaintiff, within five (5) days of its initial communication to collect the alleged debt, with a written statement that if Plaintiff sent a written request to LRA within thirty (30) days after receipt of LRA's correspondence, that LRA would provide Plaintiff with the name and address of the original creditor, if different from the current creditor.

54. In its attempts to collect the debt allegedly owed by Plaintiff to ETI, LRA violated the FDCPA, 15 U.S.C. §1692, in one or more of the following ways:

    a. Used any language or symbol on any envelope or in the contents of any communication effected by the mails or telegram that indicates that the debt

8

    collector is in the debt collection business or that the communication relates to the collection of a debt in violation of 15 U.S.C. §1692b(5);

  b. Used false, deceptive, misleading and unfair or unconscionable means to collect or attempt to collect an alleged debt in violation of 15 U.S.C. §1692e;

  c. Falsely represented the character, amount, or legal status of any debt in violation of 15 U.S.C. §1692e(2)(A);

  d. Threatened to take action that cannot legally or is not intended to be taken in violation of 15 U.S.C. §1692e(5);

  e. Used any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning the consumer in violation of 15 U.S.C. §1692e(10);

  f. Used unfair and/or unconscionable means to collect or attempt to collect a debt in violation of 15 U.S.C. §1692f;

  g. Failed to comply with the provisions of 15 U.S.C. §1692g(a);

  h. Contradicted, overshadowed and obscured the required validation/verification language required by §1692g(a) of the FDCPA by extraneous language contained in the aforementioned Letter; and,

  i. Was otherwise deceptive and failed to comply with the provisions of the FDCPA.

55. As a result of LRA's violations as aforesaid, Plaintiff has suffered, and continues to suffer, personal humiliation, embarrassment, mental anguish and emotional distress.

WHEREFORE, Plaintiff, SARAH JEAN HAYWOOD, by and through her attorneys, respectfully prays for judgment against Defendant, LRA CORPORATION D/B/A L.R.A. CORPORATION DEBT COLLECTION SERVICES, as follows:

  a. All actual compensatory damages suffered;

  b. Statutory damages of $1,000.00;

  c. Plaintiff's attorneys' fees and costs;

  d. Any other relief deemed appropriate by this Honorable Court.

### COUNT II:
### SARAH JEAN HAYWOOD v. LARRY RAYBIN

56. Plaintiff re-alleges and incorporates by reference each of the preceding paragraphs in this complaint as though fully set forth herein.

57. LRA, in its correspondence, dated March 8, 2012, listed its contact information that Plaintiff could use to contact LRA. (**Exhibit A**).

58. LRA, in its correspondence, dated March 8, 2012, listed an e-mail address that Plaintiff could use to contact LRA.

59. LRA, in its correspondence, dated March 8, 2012, listed its e-mail address as "larryraybin@aol.com."

60. The aforesaid e-mail address is Raybin's e-mail address.

61. LRA, in its correspondence, dated March 8, 2012, listed its telephone number as "954-484-XXXX."

62. Upon information and belief, the aforesaid telephone number is Raybin's telephone number.

63. Upon information and belief, Raybin, sent the correspondence, dated March 8, 2012, to Plaintiff on behalf of LRA.

64. In its attempts to collect the debt allegedly owed by Plaintiff to ETI, Raybin violated the FDCPA, 15 U.S.C. §1692, in one or more of the following ways:

    a. Used any language or symbol on any envelope or in the contents of any communication effected by the mails or telegram that indicates that the debt collector is in the debt collection business or that the communication relates to the collection of a debt in violation of 15 U.S.C. §1692b(5);

    b. Used false, deceptive, misleading and unfair or unconscionable means to collect or attempt to collect an alleged debt in violation of 15 U.S.C. §1692e;

    c. Falsely represented the character, amount, or legal status of any debt in violation of 15 U.S.C. §1692e(2)(A);

    d. Used any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning the consumer in violation of 15 U.S.C. §1692e(10);

    e. Used unfair and/or unconscionable means to collect or attempt to collect a debt in violation of 15 U.S.C. §1692f;

    f. Failed to comply with the provisions of 15 U.S.C. §1692g(a); and,

    g. Was otherwise deceptive and failed to comply with the provisions of the FDCPA.

65. As a result of Raybin's violations as aforesaid, Plaintiff has suffered, and continues to suffer, personal humiliation, embarrassment, mental anguish and emotional distress.

WHEREFORE, Plaintiff, SARAH JEAN HAYWOOD, by and through her attorneys, respectfully prays for judgment against Defendant, LARRY RAYBIN, as follows:

    e. All actual compensatory damages suffered;

    f. Statutory damages of $1,000.00;

    g. Plaintiff's attorneys' fees and costs;

    h. Any other relief deemed appropriate by this Honorable Court.

### V.   JURY DEMAND

66. Plaintiff hereby demands a trial by jury on all issues so triable.

Respectfully submitted,
**SARAH JEAN HAYWOOD**

By:   s/ David M. Marco
      Attorney for Plaintiff

Dated: April 5, 2012

David M. Marco (Atty. No.: 6273315)
LARRY P. SMITH & ASSOCIATES, LTD.
205 North Michigan Avenue, Suite 2940
Chicago, IL 60601
Telephone: (312) 546-6539
Facsimile: (888) 418-1277
E-Mail: dmarco@smithlaw.us