**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **SARAH JEAN HAYWOOD,** | ) | |
| | ) | |
| Plaintiff, | ) | 1:12-cv-2527 |
| | ) | |
| v. | ) | Judge Leinenweber |
| | ) | |
| **LRA CORPORATION d/b/a** | ) | |
| **L.R.A. CORPORATION DEBT** | ) | |
| **COLLECTION SERVICES and** | ) | |
| **LARRY RAYBIN,** | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT**

## Contents

I. INTRODUCTION

II. BRIEF MEMORANDUM OF APPLICABLE LAW

    A. Violation of the Fair Debt Collection Practices Act (FDCPA)

    B. Damages under the FDCPA

III. PLAINTIFF'S CLAIM FOR DAMAGES

IV. ATTESTATION OF THE FACTS

    Affidavit of Plaintiff (**Exhibit A**)

V. ATTORNEYS' FEES & COURT COSTS

    A. Plaintiff's Counsel's Hourly Rates

    B. Attorney's Rates – Laffey Matrix (**Exhibit C**)

    C. Attorney's Rates – Consumer Attorney's Rates Survey (**Exhibit D**)

    D. Hours Billed (Comprehensive listing attached hereto as **Exhibit B**)

VI. PRAYER FOR RELIEF

## I.     INTRODUCTION

Plaintiff, SARAH JEAN HAYWOOD, filed the Complaint in this matter alleging, *inter alia*, that Defendants, LRA CORPORATION d/b/a L.R.A. CORPORATION DEBT COLLECTION SERVICES and LARRY RAYBIN, violated the Fair Debt Collection Practices Act, 15 U.S.C. §1692, et seq. ("FDCPA").

On November 20, 2012, Plaintiff filed a Motion to Default Defendants due to Defendants' failure to answer or otherwise plead. Said Motion was granted and on December 21, 2012, an Entry of Default was entered against Defendants. Plaintiff now moves for the entry of a Default Judgment by the Court.

## II.     BRIEF MEMORANDUM OF APPLICABLE LAW

### A.     Violation of the Fair Debt Collection Practices Act (FDCPA)

Plaintiff's Complaint alleges that Defendants violated the FDCPA by the manner with which they attempted to collect an alleged debt from Plaintiff.

Specifically, Plaintiff's Complaint alleges that Defendants violated the FDCPA as follows:

    a. Used any language or symbol on any envelope or in the contents of any communication effected by the mails or telegram that indicates that the debt collector is in the debt collection business or that the communication relates to the collection of a debt in violation of 15 U.S.C. §1692b(5);

    b. Communicated with the consumer after the debt collector knew the consumer was represented by an attorney with regards to the subject debt and has knowledge of, or can readily ascertain, such attorney's name and address and said attorney did not fail to respond within a reasonable period of time to communications from the debt collector, in violation of 15 U.S.C. §1692b(6);

    c. Communicated with the consumer despite knowing that the consumer was represented by an attorney with respect to the debt allegedly owed by Plaintiff and said attorney had not consented for Defendant to have direct communication with Plaintiff in violation of 15 U.S.C. §1692c(a)(2);

    d. Used false, deceptive, misleading and unfair or unconscionable means to collect or attempt to collect an alleged debt in violation of 15 U.S.C. §1692e;

    e. Falsely represented the character, amount, or legal status of any debt in violation of 15 U.S.C. §1692e(2)(A);

    f. Threatened to take action that cannot legally or is not intended to be taken in violation of 15 U.S.C. §1692e(5);

    g. Used any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning the consumer in violation of 15 U.S.C. §1692e(10);

    h. Used unfair and/or unconscionable means to collect or attempt to collect a debt in violation of 15 U.S.C. §1692f;

    i. Failed to comply with the provisions of 15 U.S.C. §1692g(a);

    j. Contradicted, overshadowed and obscured the required validation/verification language required by §1692g(a) of the FDCPA by extraneous language contained in the aforementioned Letter; and,

    k. Was otherwise deceptive and failed to comply with the provisions of the FDCPA.

**B.** **Damages under the FDCPA**

The Fair Debt Collection Practices Act provides for the payment of any actual damages and statutory damages of up to $1,000.00. 15 U.S.C. §1692k.

The aforesaid section of the FDCPA states: *"Except as otherwise provided by this section, any debt collector who fails to comply with any provision of this subchapter with respect to any person is liable to such person in an amount equal to the sum of:*

    **(1)** *any actual damage sustained by such person as a result of such failure;*

    **(2)(A)** *in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000;*

As noted by myriad courts ruling on FDCPA claims, emotional distress damages are actual damages deserving of compensation. A plethora of cases, similar in nature to that of the

Plaintiff in the present case, have resulted in the finding of actual damages in favor of the Plaintiffs. See *Anderson v. Conwood Co.,* 34 F. Supp. 2d 650 (W.D. Tenn. 1999) ($50,000 in actual damages awarded in absence of testimony other than worry, stress and anxiety); *Stevenson v. TRW,* 987 F.2d 288 (5th Cir. 1993) ($30,000 in mental anguish and embarrassment damages, plus $20,700 in attorney's fees); *Thompson v. San Antonio Retail Merchants Ass'n,* 682 F.2d 509 (5th Cir. 1982) ($10,000 actual damages for humiliation and mental distress even when no out-of-pocket expenses); *Morris v. Credit Bureau,* 563 F. Supp. 962 (S.D. Ohio. 1983) ($10,000 for stress, anxiety, humiliation, injury to his reputation , his work, his family, his sense of well-being); *Collins v. Retail Credit Co.,* 410 F. Supp. 924 (E.D. Mich. 1976) ($21,750 for loss of reputation, embarrassment, in recognition of the "many subtle and indirect adverse effects upon a personal, social and economic life", ($50,000 in punitive damages and $21,000 in attorney's fees); *Jones v. Credit Bureau of Huntington, Inc.,* 399 S.E.2d 694 (W. Va. 1990): Jury award of $4,000 compensatory $42,500 punitive, upheld; *Bryant v. TRW Inc.,* 689 F.2d 72 (6th Cir. 1982) ($8,000 for embarrassment and humiliation, attorney's fees $13,705); *Belile v Allied Medical Accounts Control Associated Bureaus, Inc.,* 209 B.R. 658 (E.D. Pa. 1997) (Consumer is entitled to actual damages under the FDCPA…for emotional distress arising from unlawful debt collection practices arising from letter violation); *Crossley v Lieberman*, 90 B.R. 682 (E.D. Pa 1988), aff'd, 868 F.2d 566 (3d. Cir 1989) (actual damages in the form of emotional stress assessed at $1,000 for debt collector's violation of the FDCPA); *In re Littles*, 75 B.R. 241 (E.D. Pa. 1987), aff'd, 90 B.R. 700 (E.D. Pa. 1988); *Southern Siding Company, Inc, v. Raymond,* 703 So.2d 44 (La. App., 1st Cir. 1997) (Actual damages of $5000 and $2000 and $2000 in statutory damages were awarded to husband and wife under the FDCPA for mental and emotional distress in the form of undue stress, anxiety and sleeplessness and physical injury in the form of

4

depression as result of threatening letter); *Venes v. Professional service Bureau*, 353 N.W. 2d 671 (Minn. Ct. App. 1984) ($6000 awarded for undue stress as a result of debt collection violations involving harassing telephone calls); *Smith v. Law Offices of Mitchell N. Kay*, 124 B.R. 182 (D. Del. 1991)($3000 for actual damages in the form of emotional distress as a result of FDCPA violation).

Moreover, such damages as outlined above, including personal humiliation, embarrassment, sleeplessness, depression and mental anguish or emotional stress need not be proved by expert testimony and can be sustained by the consumer himself. *See Belile*, *Crossley*, *Littles*, *Raymond*.

### III. PLAINTIFF'S CLAIM FOR DAMAGES

Plaintiff seeks to recover $1,000.00 in statutory damages and $1,500.00 for actual damages, as detailed in Plaintiff's affidavit. Additionally, Plaintiff seeks recovery of her attorneys' fees and costs as delineated below.

### IV. ATTESTATION OF THE FACTS

Please see affidavit of Plaintiff attached hereto as **Exhibit A**.

### V. ATTORNEYS' FEES & COURT COSTS

**A. Plaintiff's Counsel's Hourly Rates**

Ashley Decker has been licensed since 2009 and her hourly rate is $225 per hour. David Marco has been licensed since 2000 and his hourly rate is $340 per hour. Larry Smith has been licensed since 1993 and his hourly rate is $395 per hour. Paralegals at SMITHMARCO, P.C., have an hourly rate of $115 per hour.

**B. The Rates Sought by Plaintiff's Counsel are Reasonable as Evidenced by the United States Attorneys' Office and the "Laffey Matrix"**

The hourly rates requested by Plaintiff as detailed in Plaintiff's Statement of Services are commensurate with the prevailing rates for attorneys that practice federal law. As the case at bar was filed pursuant to a federal remedial statute, the FDCPA, rates charged by other attorneys practicing federal law may be compared to determine an appropriate rate. *See Laffey v. Northwest Airlines, Inc.*, 572 F. Supp. 354, 371 (D.D.C. 1983).

In *Laffey*, the court compared rates of attorneys practicing federal claims with fee-shifting provisions to reach a hybrid rate. *Id*. The court's analysis in *Laffey* was taken one step further by the Civil Division for the United States Attorney's Office to reflect how rates have changed over the years due to inflation. In doing so, the United States Attorney's office created the "Laffey Matrix."

The Laffey Matrix is an official statement of market-supported reasonable attorney fee rates that was adopted, and is periodically updated, by the United States Court of Appeals for the District of Columbia. *Adcock-Ladd v. Secretary of Treasury*, 227 F.3d 343, 347 (6th Cir. 2000), citing *Laffey v. Northwest Airlines, Inc.*, 746 F.2d 4 (D.C. Cir. 1984).

As demonstrated by the "Laffey Matrix" the rates sought by Plaintiff's attorneys herein are commensurate with recognized rates for attorneys' with similar experience. (See Laffey Matrix, attached hereto as **Exhibit C**).

**C. The Rates Sought by Plaintiff's Counsel are Reasonable as Evidenced by the Consumer Law Attorney Fee Survey Report**

A recent survey was conducted of law firms across the country to determine the rates charged by attorneys practicing in the area of consumer law in various geographic regions. (See United States Consumer Law Attorney Fee Survey Report for 2010-2011 attached hereto as

**Exhibit D**). The survey provides information regarding billable rates for attorneys who practice in the "Midwest Region."[1] (**Exhibit D** at 11).

The survey states that the average hourly rate for attorneys in the Midwest who have been practicing for one (1) to three (3) years is $287. (**Exhibit D** at 20), for attorneys who have been practicing for six (6) to ten (10) years is $318. *Id.* The median rate for all consumer attorneys in the Midwest is $375. *Id.* at 47. The median billable hourly rate for paralegals in the Midwest is $112 per hour. *Id.*

### D. Hours Billed

Please see summary below. For a comprehensive list of Plaintiff's attorneys' fees, please see document attached hereto as **Exhibit B**.

| ATTORNEY | HOURS | RATE | TOTAL |
|---|---|---|---|
| **Larry P. Smith** | 3.9 | $395.00 | $1,540.50 |
| **David M. Marco** | 3.3 | $340.00 | $1,122.00 |
| **Ashley S. Decker** | 15.2 | $225.00 | $3,420.00 |
| **Paralegal** | 5.5 | $115.00 | $632.50 |
| | | **ATTORNEYS' FEES** | **$6,715.00** |
| | | **COST FOR FILING COMPLAINT** | **$350.00** |
| | | **COST OF SERVICE OF SUMMONS** | **$195.00** |
| | | **TOTAL ATTORNEYS' FEES AND COSTS** | **$7,260.00** |

---

1 The Midwest Region consists of attorneys from Iowa, Illinois, Indiana, Kansas, Michigan, Minnesota, Missouri, North Dakota, Nebraska, South Dakota and Wisconsin.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff, SARAH JEAN HAYWOOD, by and through her attorneys, SMITHMARCO, P.C., respectfully requests that this Honorable Court enter judgment in her favor and against Defendants, LRA CORPORATION d/b/a L.R.A. CORPORATION DEBT COLLECTION SERVICES and LARRY RAYBIN, as follows:

1. Actual Damages: $1,500.00
2. Statutory Damages: $1,000.00
3. Attorneys' Fees & Costs: $7,260.00

   **TOTAL:** **$9,760.00**

        Respectfully submitted,
        **SARAH JEAN HAYWOOD**

By:    s/ David M. Marco
       Attorney for Plaintiff

Dated: April 5, 2013

David M. Marco (Atty. No.: 6273315)
SMITHMARCO, P.C.
205 North Michigan Avenue, Suite 2940
Chicago, IL 60601
Telephone: (312) 546-6539
Facsimile: (888) 418-1277
E-Mail: dmarco@smithmarco.com